**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**DRAHCIR S. PARSON,**

                              **Plaintiff,**

    vs.                                          **9:14-CV-1268
                                                               (MAD/ATB)**

**SGT. WAYNE FARMER, Warren County Jail;
DUSTIN SPRING, Warren County Jail;
K. H. SMITH, Warren County Jail; and
MIKE GATES, Captain, Warren County Jail,**

                              **Defendants.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**DRAHCIR S. PARSON**
917 Altamont Avenue
Schenectady, New York 12303
Plaintiff *pro se*

**LEMIRE, JOHNSON LAW FIRM**       **GREGG T. JOHNSON, ESQ.**
P.O. Box 2485                               **APRIL J. LAWS, ESQ.**
2534 Route 9
Malta, New York 12020
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff, a former inmate at the Warren County Correctional Facility, commenced this civil rights action, brought pursuant to 42 U.S.C. § 1983, alleging that Defendants Farmer, Spring, and Smith subjected him to excessive force, in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. *See* Dkt. No. 18. Plaintiff also alleges that Defendant Gates ignored Plaintiff's complaints and failed to protect him against the cruel and unusual punishment. *See id.* On December 21, 2015, Defendants filed a motion for summary judgment, arguing that Plaintiff's constitutional rights were not violated. *See* Dkt. No. 31. In a

March 17, 2016 Report-Recommendation, Magistrate Judge Baxter recommended that the Court grant Defendants' motion and dismiss Plaintiff's complaint. *See* Dkt. No. 37. Neither party objected to Magistrate Judge Baxter's Report-Recommendation.

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c) (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2502, 2513-14, 91 L. Ed. 2d 202 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289,

295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "However, this does not mean that a *pro se* litigant is excused from following the procedural requirements of summary judgment. *See id.* at 295 (citing *Showers v. Eastmond*, 00 CIV. 3725, 2001 WL 527484, *1 (S.D.N.Y. May 16, 2001)). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence" is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In the present matter, the Court finds that Magistrate Judge Baxter correctly determined that Defendants Farmer, Spring, and Smith did not use excessive force against Plaintiff. To establish an excessive force claim, both an objective and subjective element must be satisfied.

3

*Hudson v. McMillian*, 503 U.S. 1, 49 (1992). Nevertheless, objectively, the resulting harm and deprivation was not sufficiently serious. Plaintiff denied any pain, and there is no indication that he had any problem breathing. *See* Dkt. No. 37 at 17. Further, subjectively, Defendants Farmer, Spring, and Smith have shown that their actions were reasonable and not characterized by wantonness. This reasonable force was applied to control Plaintiff's violent conduct and restore order and discipline. *See id.* at 21.

Additionally, Magistrate Judge Baxter correctly determined that Defendant Gates did not fail to protect Plaintiff from the alleged excessive force. In order to state a claim for failure to protect an inmate, a plaintiff must show that he was incarcerated under conditions posing a substantial risk of serious harm, and prison officials acted with deliberate indifference to that risk and the inmate's safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). However, Plaintiff has not alleged that Defendant Gates was aware that Plaintiff faced any risk of serious harm, or disregarded any such knowledge. *See* Dkt. No. 37 at 24.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Baxter's March 17, 2016 Report-Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 31) is **GRANTED** and Plaintiff's complaint is **DISMISSED** in its entirety; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that Defendants' letter motion asking the Court to treat their motion for summary judgment as unopposed (Dkt. No. 34) is **DENIED** as moot; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 15, 2016
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge